### DONALD et al. v. GARDNER.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

1. ACCOUNT STATED.

There is an account stated, though summons in action thereon is dated as of the day after plaintiff sent and defendant received the statement; the summons not being served till 1½ months thereafter, and the account being retained by defendant in the meantime without objection.

2. SAME—EFFECT.

Notwithstanding an account stated, by reason of the statement of account being retained some time by defendant without objection (the account being of transactions on defendant's employment of plaintiffs to act as brokers in the purchase and sale of stocks), defendant may show that a note not referred to in the account was, in accordance with the agreement between the parties, received by plaintiffs from defendant in lieu of cash margins, that plaintiffs agreed to carry the stocks till defendant's net indebtedness to plaintiffs above the market value of the stocks equaled the amount of the stocks, and that such indebtedness never equaled such amount, but that, notwithstanding this, plaintiffs, still retaining the note, closed out defendant's stocks at prices far below their value.

Appeal from trial term, New York county.

Action by William H. Donald and another, doing business as Donald, Gordon & Co., against F. Jerome Gardner. From a judgment on a verdict directed for plaintiffs, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Benjamin Yates, for appellant.

Horace E. Deming, for respondents.          •

O'BRIEN, J. The action was brought to recover a balance of $2,859.70 alleged to be due the plaintiffs as the result of transactions had upon their employment by the defendant to act as brokers in the purchase and sale of stocks and securities. It appears that the defendant opened an account with the plaintiffs by depositing with them 900 shares of Atchison Railroad stock—but no money whatever—on May 25, 1895, and that thereafter stocks and other securities were bought and sold for him, and account rendered from time to time. These accounts or statements are in evidence, and show that the transactions proceeded regularly till July 30, 1896, when the Atchison stock was sold at auction, and the balance demanded, which is the subject of this action. The complaint states that these accounts were accepted when sent, without objection, and that finally, on July 30, 1896, a full and just "account was made and stated," showing the balance of $2,859.70 due "over and above all sums received from the defendant, * * * which said account was delivered to and received and accepted by the defendant, and by him retained without objection." It further appears that the summons was dated August 1, 1896, and that the complaint is dated August 10, 1896. It was necessary to obtain an order for substituted service on the ground that the defendant avoided service, and the order is dated September 11, 1896. Thereafter the defendant appeared. The answer bears the date of November 11, 1896, and the defense is that there was no "account stated," because the final account was not rendered till July 30, 1896, and the summons was dated August 1, 1896; that the account does not represent the agreement entered into; and that the plaintiffs did not keep the identical stock deposited with them as security. There is a counterclaim of $15,000 due, as alleged, for the unauthorized sale of the Atchison stock. The record shows that the defendant was notified on July 24, 1896, to pay what was due the plaintiffs, and to take up his securities, which otherwise would be sold at auction on a day named, and he be held for any deficit. Many exceptions were taken on the ground that there was no account stated, and to refusals to admit evidence of agreement not therein shown. At the close of the case the defendant asked to go to the jury on the question as to whether an account had been stated definitely between the parties, and as to whether the account offered was correct. These requests were refused, and the defendant excepted.

As the summons was not served till after September 11th, the defendant's claim that there was no account stated—when he admits that he received the statement on July 30th—is without merit;

there being a period during which the defendant retained without objection the account from July 30th till after September 11th, when the action was actually commenced by service of the summons and complaint, by substituted service, and the defendant's appearance. If there was no other defense or question, we should be for affirmance of the judgment directed by the court. In addition, however, to claiming that there was no account stated, the defendant, for a third and separate defense, alleged that:

"Plaintiffs and defendant entered into an agreement by which it was stipulated and agreed that the plaintiffs should receive, and they did thereupon receive, from defendant, a promissory note for nine thousand ($9,000) dollars, duly indorsed by one Charles W. Ostrander, wherein and whereby, on account of stock transactions, defendant promised to pay to the order of plaintiffs the sum of nine thousand ($9,000) dollars on due demand. That it was agreed that said note should be received, and it was received, by plaintiffs in lieu of cash margin upon defendant's account with plaintiffs; and plaintiffs, in consideration of said note, agreed that they would carry the stocks and securities purchased and to be purchased by defendant until defendant's net indebtedness thereon over and above their market value was equal to the amount of said promissory note. (14) This defendant alleges that his account at the time it was closed by plaintiffs and his securities sold by them was not in arrear, and he was not indebted to plaintiffs thereon in the sum of nine thousand ($9,000) dollars over and above the market value of his said stock and securities, or in any sum whatever, and that the plaintiffs, contrary to their said contract, and contrary to their duty in the premises, and against defendant's order and protest, sold and closed out the stocks and securities of defendant on or about the 29th day of July, 1896, at prices far below their actual value, to the damage of this defendant in a large sum of money."

This defense was sought to be proved, but all the evidence offered by the defendant was, under objection and exception, excluded. The ground for this ruling, as shown in the colloquy between the court and the counsel, was that it constituted no defense. The defendant's counsel insisted that as long as the note was outstanding, and as it had not been returned or offered to be returned, the plaintiffs could not, if the agreement was made as alleged, and the note taken thereunder, place the defendant in default, for the reason that they had agreed to receive the note in lieu of cash margin upon the defendant's account, and had agreed they would carry the stocks and securities purchased "until defendant's net indebtedness thereon over and above their market value was equal to the amount of said promissory note"; that no default could occur, therefore, without showing that the indebtedness was in excess of the amount of the note. The effort of the defendant to show that the note was given, and the purpose for which it was given, though asked in various ways, was futile, under the rulings of the court that that was immaterial. To this entire line of evidence, embracing many questions, the plaintiffs interposed the objection that such evidence was not competent because it did not refer to securities mentioned in the accounts, which were conclusive on the defendant; and this was the view finally adopted by the court, to whose rulings many exceptions were taken.

The facts pleaded constituted a defense, unless the defendant was absolutely concluded by the account stated. The law upon this subject is thus formulated in 1 Am. & Eng. Enc. Law (2d Ed.) p. 458:

"An account stated is not, in general, conclusive. Its effect is to establish prima facie the accuracy and correctness of the items, and it seems that the strength of the presumption of correctness depends to some extent upon the circumstances of the case."

As said by Selden, J., in Lockwood v. Thorne, 18 N. Y. 285:

"An account stated or settled is a mere admission that the amount is correct. It is not an estoppel. The account is still open to impeachment for mistakes or errors. Its effect is to establish prima facie the accuracy of the items without other proof, and the party seeking to impeach it is bound to show affirmatively the mistake or error alleged. The force of the admission, and the strength of the evidence which will be necessary to overcome it, will depend on the circumstances of the case. An account stated which is shown to have been examined by both parties, and expressly assented to or signed by them, would afford stronger evidence of the correctness of its items than if it merely appeared that it had been delivered to the party, or sent by mail, and acquiesced in for a sufficient length of time to entitle it to be considered as an account stated."

We think that the defendant had a right to show that there was the $9,000 note which was not included in the account,—the only reference to a $9,000 note being an item for "protest fees" in the account of July 20th,—and that for the errors in excluding this evidence the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.