Arthur J. Koster, Appellant, *v.* Lafayette Trust Company, Respondent.

Debtor and creditor — money loaned to trust company to be repaid when surplus should exceed certain amount — lender cannot maintain action for the loan unless condition is fulfilled.

The directors of a trust company which had closed its doors, in order to enable the company to resume business, entered into a written agreement that each director should loan to the company the sum written after his name, the sum so loaned to mature and become payable whenever the surplus of the company should exceed a sum named and *not otherwise.* Thereafter the superintendent of banks took possession of the property and business of the company for the purpose of liquidation and the surplus never exceeded or equalled the sum named as a condition of payment. Subsequently one of the directors assigned his claim to the plaintiff, who commenced this action on the theory that when plaintiff's assignor joined in the loan to the trust company a present liability was created and the company became his debtor. *Held,* that the condition of indebtedness was made by the agreement dependent upon the accumulation of a surplus by the defendant and that agreement measured and fixed the obligations of the parties. The plaintiff did not show the fulfillment of the condition upon which the defendant was to repay him, and he is, therefore, not entitled to recover.

*Koster* v. *Lafayette Trust Co.,* 147 App. Div. 63, affirmed.

(Argued January 27, 1913; decided February 11, 1913.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered November 23, 1911, affirming a judgment in

favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Joseph M. Gazzam* for appellant. The agreement of March 31, 1908, did not create the debt of the defendant to the plaintiff's assignor. The debt was created independently of the agreement, by the loans to the defendant. (*Noland* v. *Bull*, 24 Oreg. 485.) The transaction between the plaintiff's assignor and the defendant was a loan, and never became anything else but a loan. (17 Am. & Eng. Ency. of Law, 11; *Dwight* v. *G. L. I. Co.*, 103 N. Y. 341; *Leask* v. *Hoagland*, 144 App. Div. 138.) Defendant's debt has at all times been absolute and not contingent. (*Jennison* v. *Blowers*, 5 Barb. 692; *French* v. *Morse*, 68 Mass. 111.) A debt not immediately payable, whether the time of payment be certain or uncertain, may, nevertheless, constitute a valid and subsisting present obligation. (*Legget* v. *Bank of Sing Sing*, 24 N. Y. 283; *Jones* v. *Thompson*, 1 El. B. & El. 63; *Goss* v. *Nelson*, 1 Burr. 226; *U. S.* v. *Bank of North Carolina*, 6 Pet. 29; *People* v. *Arguello*, 37 Cal. 524.) Where a subsisting obligation is created, based upon full value received by the obligor, an agreement to postpone payment until the happening of a future event will not be construed to create a condition precedent, but simply to provide a convenient method of fixing the time of payment; and payment may be recovered if, without fault on the part of the obligee, the event fails to happen within a reasonable time. (*Childs* v. *Smith*, 46 N. Y. 37; *Crass* v. *Scruggs*, 115 Ala. 258; *Walters* v. *McBee*, 1 Lea [Tenn.], 364; *Eaton* v. *Yarborough*, 19 Ga. 82; *Jones* v. *Eisler*, 3 Kans. 128; *Nunez* v. *Doutell*, 19 Wall. 560; *Randall* v. *Johnson*, 59 Miss. 317; *McCarty* v. *Howell*, 24 Ill. 341; *Busby* v. *Mining Co.*, 27 Utah, 230; *White* v. *Mining Co.*, 28 Utah, 332.)

22

*Frank M. Patterson* and *John B. Loughborough* for respondent. By the terms of the written agreement repayment of the loan was made dependent upon the happening of an uncertain future event, as a condition precedent, and was limited to a particular fund, and it is not shown that the condition has been complied with or that the fund exists. (*Lighton* v. *City of Syracuse*, 188 N. Y. 499; *People ex rel. Ready* v. *Mayor*, *etc.*, 144 N.Y. 63; *Cartledge* v. *West*, 2 Den. 377; *Tompkins* v. *Brown*, 1 Den. 247; *Oakley* v. *Morton*, 11 N. Y. 25; *Tyng* v. *U. S. Submarine & Torpedo Boat Co.*, 1 Hun, 161, 166; 60 N. Y. 644; *Tebo* v. *Robinson*, 100 N. Y. 27; *Wakeman* v. *Sherman*, 9 N. Y. 85; *Murray* v. *Baker*, 6 Hun, 264; *Lorillard* v. *Silver*, 36 N. Y. 577; *Kobre* v. *Potruch*, 139 App. Div. 284.) The written agreement is valid and subsisting and cannot be ignored. (*Cartledge* v. *West*, 2 Den. 377.) The agreement was obviously speculative, and its nature was fully realized by plaintiff's assignor. (*Lyman* v. *N. P. El. Co.*, 62 Fed. Rep. 891.)

GRAY, J. This action was brought to recover the amount of a loan of money, made by the plaintiff's assignor to the defendant, then called The Jenkins Trust Company, under the following circumstances. The plaintiff's assignor, Charles L. Feltman, was a stockholder and a director of the defendant, when, in October, 1907, in proceedings for the dissolution of the corporation, a receiver was appointed who took possession of its property. A committee of the board of directors was, then, appointed in furtherance of a plan to enable the defendant to resume business. Thereafter, an agreement, dated March 31st, 1908, was entered into by Feltman and the other directors with the defendant. This agreement, reciting that the trust company had closed its doors as a banking institution and that the directors " are anxious that said institution should resume business, and that the receiver * * * should be removed, and said institution fully rehabilitated," provided that

"the directors will loan to the trust company the various sums of money hereinafter written after the names of the individuals composing the parties of the first part, (the directors), and aggregating the sum of one hundred thousand dollars." The agreement continued as follows: "It is further agreed between the parties hereto that said loan shall mature and become payable as follows, and not otherwise, namely: whenever the surplus of said Trust Company shall exceed the sum of one hundred fifty thousand dollars, such excess shall be applied to the repayment of said loan, but no such application of excess over such one hundred fifty thousand dollars surplus shall be made upon such loan, except in periods of six months each," etc. The agreement, finally, fixed the interest on the loan at the rate of 4% per annum and it was subscribed to by Feltman and the other directors, in varying amounts, as set opposite to their names, which aggregated the sum of $100,000. The resumption committee of the board, in whose hands the sum had been previously deposited, then, paid it over to the defendant and on April 15th, 1908, the receiver was discharged and the action for the dissolution of the defendant was discontinued. On November 30th, 1908, the superintendent of banks of the state of New York, pursuant to the provisions of section 19 of the Banking Law, took possession of the property and business of the defendant for the purpose of liquidating the same; the defendant never resumed business and the stockholders have been assessed. In addition to the foregoing facts, which were found by the trial court, it was, also, found that the surplus of the defendant has never, since the execution of the agreement, exceeded, or equalled, the sum of $150,000. Subsequently, Feltman filed with the superintendent of banks proof of a claim for $12,000, the sum which he had loaned to the defendant, and, upon the claim being rejected, assigned it to the plaintiff, who commenced this action. The complaint was dismissed at the Trial

Term and the judgment in favor of the defendant has been affirmed by the Appellate Division, in the second department.

Upon the facts, it is the contention of the plaintiff that the transaction between his assignor, Feltman, and the defendant trust company, constituting a loan, imposed upon the latter an obligation of repayment, unless in some way discharged, or released. The argument is, in substance, that the debt was created independently of the agreement, entered into with the defendant by the directors, and was an already existing obligation which the agreement did not affect, except as it postponed its payment for the convenience of the debtor. Plaintiff, therefore, insists that he was entitled, the defendant being solely at fault as to its second failure, " to recover the moneys, which his assignor parted with and which the defendant received, for a consideration which has failed."

I think that the contention of the plaintiff has been correctly determined below. It is based on the fallacy that, when his assignor, Feltman, joined in the loan to the defendant, a present liability was created and the defendant became a debtor. That was not so. The condition of indebtedness was made by their agreement dependent upon the accumulation of a surplus by the defendant and that agreement measured and fixed their obligations. The trust company had failed as a banking institution and the laudable, if interested, effort was made by its directors to rehabilitate it and to set it upon its feet as a going concern. With that object in view, they were willing to deposit with it a sum of money, sufficient to re-establish its credit in the community. In the event, expected, or hoped for, that business should be successfully resumed, it was agreed that they should be repaid the sums deposited, if, and, only, when, a surplus arose exceeding $150,000. The moneys subscribed by the directors, and which were deposited with their

committee, were paid over to, and were received by, the defendant, solely, under the terms of the agreement. Nothing but it evidenced any obligation on the part of the defendant and all presumptions disappear with respect to the transaction, except as based upon something in the contract. There was but one authority for the payment by the committee to the defendant of the sums held and that was the contract; which is found by the court to have been entered into by Feltman and his co-directors with the defendant. It provided that " the directors *will loan* to the Trust Company various sums of money hereinafter written * * * and said loans shall mature and become payable as follows, *and not otherwise*, namely: whenever the surplus of said Trust Company shall exceed the sum of one hundred fifty thousand dollars," etc. From this language, the fundamental distinction in this transaction of loan is clear, in this, that no obligation underlay it. There was no debt *in præsenti* and it was made a condition precedent to the defendant's becoming a debtor that it should have accumulated a surplus of $150,000. It must be assumed that the directors were not involving their company by the agreement in some added liability, but that they were intending to rehabilitate it, actually, by giving it a basis of credit in an increase of free assets. To emphasize the absence of any present obligation to repay, there were added, after the agreement that the loan " should mature and become payable as follows," the words " *and not otherwise*." To quote the language of the opinion in *Lighton* v. *City of Syracuse*, (188 N. Y. 499, 504), the defendant " was not bound when the contract was made, but was to be bound by the happening of the condition prescribed. * * * 'If, in fixing upon the happening of a future contingent event as the time when money is to be paid, the parties intend to make the debt a contingent one and the event never happens, the creditor's right to recover will never accrue.'"

It should be quite clear that the very object of the agreement would have been defeated, if the contention of the plaintiff is sound. The trust company had closed its doors and it was, only, enabled to resume business through the receipt of the moneys from Feltman and his co-directors. If the asset of $100,000 in cash paid in by them was to be offset by a liability in that amount, how would the company's position have been changed? As Mr. Justice JENKS, in his very able opinion at the Appellate Division, puts it, "if the money was to be repaid absolutely and in all events, the loan, by as much as it increased the assets, likewise, increased the liabilities." I think it is evident that the character of the transaction is to be determined from the agreement of the parties. The plaintiff did not, and he could not, show the fulfillment of the condition, upon which the defendant was to repay him, and he was, therefore, not entitled to recover in this action.

For these reasons, I advise that the judgment appealed from should be affirmed; without prejudice, however, to the plaintiff's right to bring any future action upon his claim, as he may be advised, upon any change in the status of the defendant.

CULLEN, Ch. J., WERNER, CHASE, COLLIN, CUDDEBACK and MILLER, JJ., concur.

Judgment affirmed, etc.