ROBERT HOLMES, Individually and as Trustee, and Others, Respondents, *v.* HUGH N. CAMP, JR., Individually and as Sole Surviving Executor of and Trustee under the Last Will and Testament of HUGH N. CAMP, Deceased, and Others, Defendants, Impleaded with HUGH N. CAMP, JR., as Executor of and Trustee under the Last Will and Testament of FREDERIC E. CAMP, Deceased, Appellant.

First Department, January 19, 1917.

Corporations — representative action brought by stockholder in behalf of corporation — restoration of stock fraudulently sold — pleading — complaint stating cause of action.

Where the complaint in an action by stockholders brought in the right of their corporation to have restored to it certain stock of another corporation alleged to be owned by the plaintiffs' corporation, but which were sold by the defendant's testator in consummation of a conspiracy to obtain the stock for less than it was worth, sufficiently states a cause of action against the defendant in favor of the plaintiffs' corporation, it is not subject to demurrer because most of the plaintiffs have exchanged their stock for the stock of the other corporation, if in fact one of the plaintiffs was and now is the holder of stock in the corporation for whose benefit the action is brought, there being no demurrer on the question of misjoinder of parties plaintiff.

*Held,* that although the plaintiff, who was entitled to maintain the action as a stockholder must show at trial that he was a stockholder at the time demand was made upon his corporation to bring the suit, the complaint was sufficient to admit of that proof.

APPEAL by the defendant, Hugh N. Camp, Jr., as executor of and trustee under the last will and testament of Frederic E. Camp, deceased, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the

clerk of the county of New York on the 19th day of June, 1916, granting plaintiffs' motion for judgment on the pleadings and overruling appellant's demurrer to the complaint for insufficiency, but with leave to withdraw the demurrer and to answer.

*Henry C. Quinby* [*George Edwin Joseph* with him on the brief], for the appellant.

*Samuel F. Moran,* for the respondents.

LAUGHLIN, J.:

This is an action by stockholders in the right of the Doe Run Lead Company, a Missouri corporation, to have restored to the company certain shares of the capital stock of the defendant, the Saint Joseph Lead Company, which, it is alleged, were owned by the Doe Run Lead Company, but were sold by the testator of the appellant as treasurer of the company in consummation of a conspiracy entered into by and between him and the other defendants or those whom they represent to obtain the stock for less than it was actually worth, and to have an accounting for such of the shares as they have parted with. The facts alleged sufficiently show a cause of action against the appellant in favor of the Doe Run Lead Company.

The only points requiring consideration are whether the plaintiffs or any of them show a right as stockholders of the Doe Run Lead Company to maintain the action in its right. It is alleged that in the month of December, 1913, the plaintiffs, who were all then stockholders of the Doe Run Lead Company, exchanged their stock for stock in the Saint Joseph Lead Company, a New York corporation; and that they still hold and own stock in the latter company. It is further alleged, however, that the plaintiff Robert Holmes " is now the owner and holder of stock in the said Doe Run Lead Company and is a stockholder thereof; " and it is also alleged that the Saint Joseph Lead Company owns ninety-seven per cent of the stock of the Doe Run Lead Company.

The allegations of the complaint are, we think, insufficient to authorize the maintenance of an action by the plaintiffs without a demand upon the Doe Run Lead Company, but it is

alleged that the plaintiffs have made demands in writing on the Doe Run Lead Company and upon all of its directors that they bring an action against the appellant and others for restitution of the stock and of the dividends received thereon to the Doe Run Lead Company, and that the plaintiffs have made similar demands on the Saint Joseph Lead Company and upon its directors; and that no action has been taken by either of the companies upon said demands.

If any plaintiff has a standing as a stockholder of the Doe Run Lead Company to maintain the action in its right that is sufficient to sustain the complaint against the demurrer, which does not present any question of misjoinder of parties plaintiff. (*Berney* v. *Drexel*, 33 Hun, 419.) As already stated, it is alleged that the plaintiff Robert Holmes was and still is a stockholder in the Doe Run Lead Company.

It is claimed, however, that it should have been specifically alleged that he was such a stockholder at the time the demand was made upon the Doe Run Lead Company to bring the action. In so far as it is sought to maintain the action in his right as a stockholder of the Doe Run Lead Company, it will be necessary to show upon the trial that he was a stockholder at the time the demand was made, but we are of opinion that the complaint is sufficient to admit of that proof.

Since we deem the complaint good on this theory, it is not necessary to decide whether the stockholders of a corporation which owns stock in another corporation may, on the failure of their corporation to act on due demand, make the demand on such other corporation and, on a failure to comply therewith, maintain the action which their corporation as such stockholder could have maintained had it made the demand, and no opinion is expressed on that point.

We are, therefore, of opinion that the order is right and should be affirmed.

CLARKE, P. J., SCOTT and DOWLING, JJ., concurred; SMITH, J., concurred in result.

Order affirmed, with ten dollars costs and disbursements, with leave to defendant to withdraw demurrer and to answer on payment of costs.