ROBERT HOLMES, Individually and as Trustee, and Others, Appellants, *v.* HUGH N. CAMP, JR., Individually and as Sole Surviving Executor of and Trustee under the Last Will and Testament of HUGH N. CAMP, Deceased, and Others, Defendants, Impleaded with EMILY LEFFERTS JONES and Others, as Executors, etc., of DWIGHT A. JONES, Deceased, Respondents.

First Department, December 7, 1917.

Corporations — representative action by stockholder — nature of such action by stockholder of holding company brought on behalf of subsidiary corporation — right of stockholders of either corporation to bring action — when no misjoinder of parties plaintiff — when misjoinder of causes of action not properly taken by demurrer.

Representative actions by a stockholder are not prosecuted by the plaintiff for his own benefit, or in his own direct right, or because any right of his has been directly violated, or because he is entitled individually to the

relief sought. The plaintiff is permitted to maintain the action notwithstanding his lack of direct interest in order to set the machinery of justice in motion and to prevent what would otherwise be a complete failure of justice. The cause of action is that of the corporation and the recovery runs in its favor.

Under the aforesaid principles, a stockholder in a holding corporation may maintain a representative action for the benefit of a subsidiary corporation as, indirectly, the action inures to the advantage of the holding company, it being shown that the directors of both corporations have refused to institute an action in the name of either company after due request to do so.

A demurrer to the complaint in such representative action should not be sustained upon the ground that there is a misjoinder of parties plaintiff because one of the plaintiffs is a stockholder in the holding corporation while the other plaintiffs are stockholders in the subsidiary corporation the stock of which is controlled by the holding company.

An objection that there is a misjoinder of causes of action is not well taken by demurrer if it do not point out specifically the causes of action which are claimed to have been improperly united.

APPEAL by the plaintiffs, Robert Holmes, individually and as trustee, and others from two orders of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 25th day of June, 1917, the one denying plaintiffs' motion for judgment on the pleadings herein as against the respondents and the other granting respondents' cross motion for the same relief and sustaining their demurrer to the complaint.

*Samuel F. Moran,* for the appellants.

*David T. Davis,* for the respondents.

SCOTT, J.:

The pleadings in the action consist of a complaint and a demurrer. The respondents are the executors of the last will and testament of Dwight A. Jones who was, until November 15, 1904, a vice-president of the Doe Run Lead Company, and also an officer and director of the St. Joseph Lead Company and so continued until his death in December, 1913. It is alleged that on or about October 31, 1902, the Doe Run Lead Company acquired a large number of shares of the capital stock of the St. Joseph Lead Company, of which, as it is said, a part were held by and in the name of said Jones and another individually, and a part in the names

of said Jones and another as trustees, but all of said stock was so held in trust for the use and benefit of the Doe Run Lead Company, which was the real owner thereof. The gravamen of the complaint is that said Jones and another, having secret knowledge that the St. Joseph Lead Company's stock was of much greater value than was commonly known and that the company was about to declare large future dividends, conspired together to buy from the Doe Run Lead Company the stock of the St. Joseph Lead Company then held by and for it, and thereby committed a fraud upon the Doe Run Lead Company. The purpose of the action is to compel those who thus defrauded the Doe Run Lead Company as it is alleged, to return to that company the stock which they acquired from it, or if they have parted with the stock to account for its value. Plaintiffs were, prior to December, 1913, stockholders of the Doe Run Lead Company, but in that month they exchanged this stock for shares of stock of the St. Joseph Lead Company, which they now own, Robert Holmes individually being the only one of the plaintiffs who now holds any of the stock of the Doe Run Lead Company, of which stock ninety-seven per cent is held by the St. Joseph Lead Company. The demurrer was sustained at Special Term upon the sole ground that there was a misjoinder of parties plaintiff, the other grounds of demurrer not being passed upon.

As has been said, Robert Holmes individually is a stockholder in the Doe Run Lead Company as well as in the St. Joseph Lead Company, while all the other plaintiffs are stockholders only in the St. Joseph Lead Company. They all sue, however, in the right and on behalf of the Doe Run Lead Company to compel restitution to that company, and this raises the interesting question whether stockholders of a holding company may maintain a representative action for the benefit and in the behalf of the subsidiary company, the directors of both companies having refused, after due request, to institute an action in the name of either company. This question is one of first impression in this State, and so far as we are able to learn has never been judicially discussed elsewhere, although such an action seems to have been upheld, at least to the extent of affirming an order for an injunction

*pendente lite* in Pennsylvania. (*Carter* v. *Producers & Refiners Oil Co., Ltd.,* 164 Penn. St. 463.) We are unable to see any controlling reason why it should not be permitted.

Representative actions by stockholders are unique in that they are not prosecuted by the stockholder plaintiff for his own direct benefit, or in his own direct right, or because any right of his has been directly violated or because he is entitled individually to the relief sought. Such actions are, as they are commonly designated, purely representative, the plaintiff being permitted to maintain the action, notwithstanding his lack of direct interest, solely to set the machinery of justice in motion, and to prevent what would otherwise be a complete failure of justice. (3 Pom. Eq. Juris. [3d ed.] 2123.) This form of action is an invention of equity, and stockholders are allowed to resort to it, notwithstanding a lack of direct interest in the relief sought because, as it has been said, " the claims of justice would be found superior to any difficulties arising out of technical rules respecting the mode in which corporations are required to sue." (*Foss* v. *Harbottle,* 2 Hare, 461, 492.) The part which a stockholder plays in such an action is merely that of an instigator. The cause of action is that of the corporation, and the recovery must run in its favor. Under these circumstances it is not easy to see why a stockholder in a holding company may not maintain such an action for the benefit of the subsidiary company, and thus indirectly for the advantage of the holding company. His stock interest in the latter company is sufficient to relieve him from the imputation of being a mere officious and impertinent intermeddler.

The free use of holding companies which has grown up in recent years would prevent the righting of many wrongs if an action like the present might not be maintained by a stockholder of a holding company.

Nor is the joinder of plaintiffs in this particular action within the wrong to defendants which the Legislature sought to reach when it incorporated among the grounds for demurrer a misjoinder of parties plaintiff. Subdivision 5 of section 488 of the Code of Civil Procedure, permitting such a demurrer, was not to be found in the old Code of Procedure. It was inserted in the present Code, because in the opinion of the revisers it " may often seriously embarrass the defendant in conducting

his case, and sometimes prejudice him upon the merits, if a person who is not within the broad provisions of § 446, *ante,* can, with impunity, be named as plaintiff." (Throop's notes.) Clearly no such embarrassment or prejudice can exist in a case like the present when the plaintiffs sue, not in their own right, nor for their own direct benefit, but in the right and for the benefit of a corporation, provided they all sue in the right and for the benefit of the same corporation, and they all have an interest, however indirect, in seeing to it that the corporation receives reparation for the wrongs alleged in the complaint.

What the defendants are called upon to do in this action is to answer to the Doe Run Lead Company, not to these plaintiffs nor to any other stockholder of either company, and it can work no possible prejudice to the defendants who sets the machinery of justice in motion, so long as that person has an ultimate interest in the matter. The case of *Havana City Railway Co.* v. *Ceballos* (49 App. Div. 263), relied on by the court at Special Term, is not applicable. It was not a representative action in any sense, but an action by the corporation itself which claimed to have been injured. In such a case there is no room for a stockholder as plaintiff and no reason why he should be joined. We are, therefore, of the opinion that there was no misjoinder of parties plaintiff and that the demurrer was erroneously sustained upon this ground.

As to the other grounds of demurrer but little need be said. The complaint has already been sustained as sufficient generally both in this court and the Court of Appeals (*Holmes* v. *Camp,* 176 App. Div. 771; 219 N. Y. 359). The latter case appears to dispose of the question of jurisdiction also raised by these respondents under their demurrer. The objection that there is a misjoinder of causes of action is not well stated in the demurrer in that it does not specifically point out the causes of action which are claimed to have been improperly united. (Code Civ. Proc. § 490.) But even if it were properly stated it would be unavailing. (*Barr* v. *N. Y., Lake Erie & Western R. R. Co.,* 96 N. Y. 451.)

The orders appealed from must both be reversed, with ten dollars costs and disbursements, the defendants' motion for judgment denied and plaintiffs' motion for judgment granted,

with leave to the defendants to withdraw their demurrer and answer within twenty days upon payment of costs in this court and the court below.

CLARKE, P. J., SMITH, PAGE and SHEARN, JJ., concurred.

Orders reversed, with ten dollars costs and disbursements, defendants' motion denied. Plaintiffs' motion granted, with ten dollars costs, with leave to defendants to withdraw demurrer and to answer on payment of said costs.