JULIUS GREEN and Another, Trading as GREEN & PORGES, and Others, Respondents, v. HENRY ROSENBERG, Appellant.

Judgment affirmed, with costs. No opinion. Present — Dowling, P. J., Finch, McAvoy, Martin and O'Malley, JJ.; Finch, J., dissents and votes to reverse and dismiss the complaint.

FINCH, J. (dissenting). The nature and extent of the original contract between the defendant and the plaintiff is not before us as an issue, and consequently neither party was called upon to litigate the question. The rights here start with the written contract or arbitration and are to be based thereon. The all-important clauses in this contract are as follows: " The seller agrees to turn over to the buyer such allowances as will be granted the seller from the shipper by such arbitration and the buyer agrees to accept same in full settlement of his claim," and " The allowance, if any, that may be awarded, shall be paid to the said Green and Porges and John Burger Co. immediately after the said Henry Rosenberg shall have received the same from the said Workman & Silver Import Co., who are also parties to and bound by the said arbitration." The defendant thus entered into an arbitration agreement which expressly provided that a condition precedent to his liability should be the receipt of any allowance from the shipper and no liability on the part of the defendant should arise until after the receipt of the allowance from the seller, and further the plaintiff expressly agreed to accept this sum as a full accord and satisfaction. How can we now construct a new agreement for the parties and in effect hold that the defendant would have agreed to arbitrate if he was to become liable to the plaintiff for the quality of the goods, irrespective of any liability to him on the part of his shipper? The defendant can only be held liable in accordance with the ordinary import of the language of the agreement which he has entered into. The plaintiffs failed to establish the express condition precedent to liability on the part of the defendant. (Koster v. Lafayette Trust Co., 207 N. Y. 336.) In that case money had been loaned to a trust company to be repayable " whenever the surplus of said Trust Company shall exceed the sum of one hundred fifty thousand dollars." The trust company thereafter went into the hands of the Superintendent of Banks and the plaintiff sued. Judge GRAY, for the court, held that the plaintiff could not recover the amount loaned because he could not show compliance with the condition precedent, namely, the accumulation of the prescribed surplus, saying: " There was no debt in præsenti and it was made a condition precedent to the defendant's becoming a debtor that it should have accumulated a surplus of $150,000." I dissent and vote to reverse the judgment appealed from and dismiss the complaint.

SIMON SCHNEIDER v. ABRAHAM BRENNER, Impleaded, etc.— Motion granted. Present — Dowling, P. J., Finch, McAvoy, Martin and O'Malley, JJ.