Stanley L. KAUFMAN, Plaintiff,

v.

Louis E. WOLFSON, J. A. B. Broadwater, E. B. Gerbert, David A. Goodkind, Robert E. Harvey, Alexander Rittmaster, Cecil Wolfson, Samuel Wolfson, H. W. Pierce, Robert C. Baker, Robert L. Purcell, Doran S. Weinstein, New York Shipbuilding Corporation and Devoe & Raynolds Company, Inc., Defendants.

United States District Court
S. D. New York.
Aug. 1, 1955.

Kaufman, Imberman & Taylor, New York City, Irwin M. Taylor and Jacob Imberman, New York City, of counsel, for plaintiff.

Lawler & Rockwood, New York City, for defendant, Devoe & Raynolds Co., Inc.

Manning, Harnisch, Hollinger & Shea, New York City, Leonard F. Manning and William E. De Bevoise, New York City, of counsel, for individual defendants.

PALMIERI, District Judge.

This is a derivative action instituted by a shareholder in New York Shipbuilding Corp. (Shipbuilding) against the directors of that corporation and the directors of Devoe & Raynolds Company, Inc. (Devoe). Shipbuilding and Devoe have been joined as parties defendant. Devoe and its directors move under Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., for a dismissal of the causes of action against them on the ground that these causes of action fail to state a claim upon which relief can be granted.

Plaintiff was a shareholder in Shipbuilding when the acts of which he complains occurred, and he is a shareholder in Shipbuilding at the present time. Plaintiff is not now and has never been a shareholder in Devoe, but when the acts of which he complains occurred, Shipbuilding and some of the individual defendants owned or controlled enough shares of stock to enable them to control Devoe. Since then Shipbuilding transferred all its Devoe stock to Merritt-Chapman & Scott Corp. (Merritt) and received in exchange Merritt stock. This exchange took place before plaintiff instituted this action.

Plaintiff has presented evidence to the effect that the defendant Louis E. Wolfson controlled Shipbuilding, Devoe and Merritt at the time that the acts of which plaintiff complains occurred and that Mr. Wolfson still controls these corporations. Since this evidence has not been controverted, for the purposes of this motion I take it to be true that Mr. Wolfson did control these corporations during the relevant period and that he still controls them.

An understanding of the relationships between plaintiff, Shipbuilding, Devoe and Merritt is important for a proper disposition of this motion. At the time that the acts of which he complains occurred, plaintiff was a shareholder in Shipbuilding, and Shipbuilding owned 80,945 shares of Devoe Class B stock.[1] Before plaintiff instituted this action Shipbuilding transferred its Devoe stock for 107,927 shares of Merritt Common Stock. Thereafter, plaintiff owned Shipbuilding stock, Shipbuilding owned 107,927 shares of Merritt Common Stock, and Merritt owned 80,945 shares of De-

---

1. The following is a graphic representation of these relationships.

```
 Plaintiff
 :
 :
 V
 Shipbuilding
 :
 : 80,945 shares Class B stock
 V
 Devoe
```

voe Class B stock.[2] That was the relationship between plaintiff and the named corporations at the time this action was begun, and presumably that is still the relationship between these persons.

Defendants contend that plaintiff may not prosecute this suit in behalf of Devoe against its directors because at the time he instituted this action he was not a stockholder in (1) Devoe or (2) a corporation that was a stockholder in Devoe. It is clear that the fact that plaintiff was not a stockholder in Devoe at the time that he began this action would not bar him from prosecuting it in behalf of Devoe. Marcus v. Otis, 2 Cir., 1948, 168 F.2d 649; United States Lines, Inc. v. United States Lines Co., 2 Cir., 1938, 96 F.2d 148; Saltzman v. Birrell, D.C.S.D. N.Y.1948, 78 F.Supp. 778, 783. And the fact that, at the time plaintiff instituted this action, he was not a stockholder in a corporation that was a stockholder in Devoe would not be material under the Marcus and Saltzman cases if the corporation in which he was a stockholder owned a controlling interest in another corporation which, in turn, owned stock in Devoe. As I have pointed out, the corporation in which plaintiff is a stockholder, Shipbuilding, does not own a controlling interest in the corporation (Merritt) that owns a controlling interest in Devoe. Instead, although Shipbuilding owns a substantial amount of Merritt stock, both Shipbuilding and Devoe are controlled by Merritt.

I do not believe that his distinction should be considered significant. First, in the United States Lines case a stockholder in a corporation that did not have a controlling interest in another corporation was permitted to prosecute a derivative suit for the benefit of the second corporation. To paraphrase what the Court said in that case: The justification for allowing a triple derivative suit like the present to be maintained is that the corporation that is said to have suffered wrong, its shareholder corporation which had the right to bring a derivative suit, and the shareholder of the latter corporation which had the right to bring a double derivative suit were controlled by those charged with inflicting the corporate injury. See 96 F.2d at page 151. Second, plaintiff's interest in the action in behalf of Devoe "is sufficient to relieve him from the imputation of being a mere officious and impertinent intermeddler." See Holmes v. Camp, 1st Dept. 1917, 180 App.Div. 409, 412, 167 N.Y.S. 840, 842. If plaintiff succeeds in his action in behalf of Devoe, he will benefit himself as a stockholder in Shipbuilding because the benefit once established in behalf of Devoe, redounds to the benefit of Shipbuilding through Merritt. Furthermore, if plaintiff succeeds in his action in behalf of Devoe, he may benefit from the exposure and punishment of the persons whom he alleges to be wrongdoers and who control not only the destinies of Devoe, but also those of Shipbuilding in which he owns stock, and of Merritt in which Shipbuilding owns a substantial amount of stock.

The motion to dismiss the fifth and sixth causes of action is therefore denied.

Settle order on notice.

2. The following is a graphic representation of these relationships.

```
 Plaintiff
 :
 :
 V
 Shipbuilding
 :
 : 107,927 shares Common stock
 V
 Merritt
 :
 : 80,945 shares Class B stock
 V
 Devoe
```