[No. 23191. Department One. August 25, 1931.]

J. O. HENSON et al., Respondents, v. FIRST SECURITY & LOAN COMPANY, Appellant.[1]

*Cherry & Hull,* for appellant.
*Grady & Velikanje,* for respondents.

MITCHELL, J.—This action was brought by Henson and Hill, as co-partners, against Yakima First National Bank, a corporation, defendant (for which, by order of court, First Security & Loan Co., the real party in interest, was substituted as defendant), to recover judgment in the sum of $3,912.03, which amount it was alleged that the bank had unlawfully paid out of partnership funds by applying them in payment of certain individual indebtedness of Henson to the bank. In addition to appropriate general denials, the answer contained several affirmative defenses, which latter were denied by a reply. The trial resulted in a verdict for the plaintiffs as partners. The defendant has appealed from a judgment on the verdict.

The first and fourth assignments raise the same question, that the court erred in denying an affirmative defense, and in rejecting an offer of proof at the trial to the same effect, that Henson never authorized the use of his name as a party plaintiff; that

he would have refused to become a party plaintiff had the matter been called to his attention; that he had not appeared in the action; that he was a necessary party to the action; and that therefore there was a defect of parties plaintiff. Appellant admits that the respondents were a trading partnership, and that Henson was a member of it, but argues that, because Henson never directly consented that the partnership should sue to recover partnership money used by the defendants to pay his individual debt, and had not appeared in the action, therefore there was a defect of parties plaintiff.

The argument is novel, to say the least, but a complete answer is that there is no defect of parties plaintiff because Henson is a party plaintiff; that is, as a member of the partnership, and made such party by his partner under the general rule of law that it is within the implied power of a partner to institute ordinary legal proceedings in behalf of a firm by using the names of all the parties as such as plaintiffs for the enforcement of the rights of the firm. 47 C. J. 947, Partnership. Why is it important to the interests of the appellant whether or not Henson is agreeable to the use of his name as a plaintiff; or which he shall be, plaintiff or defendant, just so he is a party to the action, as is the case here? He made no formal appearance or application in the case to have his name removed as plaintiff, although he was a witness in the trial.

Nor is Rem. Comp. Stat., § 189, cited by appellant, contrary to that rule. It provides:

"All persons interested in the cause of action, or necessary to the complete determination of the question involved, shall, unless otherwise provided by law, be joined as plaintiffs when their interest is in common with the party making the complaint, and as defendants when their interest is adverse to the plaintiff:

Provided, that where good cause exists, which shall be made to appear in the complaint, why a party who should be a plaintiff cannot, from a want of consent on his part or otherwise, be made such plaintiff, he shall be made a defendant.''

Here, all interested parties have been made parties. Henson as a member of the partnership is made a party plaintiff, because necessary in protection of the rights of the appellant, who is sued to recover judgment for the misappropriation by it of partnership funds. Henson should not be sued as a defendant, because no relief is sought against him by his other partner or by the firm of which he is a member. Nor is there anything in the proviso of the section that is applicable here, because there is nothing in the complaint to make it appear that Henson refused his consent to be made a plaintiff as a member of the partnership.

The case of *Dew v. Pearson,* 73 Wash. 602, 132 Pac. 412, cited by appellant, is not in point. That was a suit for damages for breach of a contract entered into between the defendants, the owners of timber, and three persons, as partners, who were to cut and remove the timber. The suit was brought by one of the former partners after ''his partners became dissatisfied, abandoned the work and withdrew from the partnership with the plaintiff's consent and with notice to the defendants.'' The court, upon mentioning the voluntary dissolution of the partnership, one of the parties to the contract in question, said:

''A dissolution does not ordinarily absolve the other party to the contract from his contractual obligation to the firm, there being no actual abandonment by all of the members of the firm. 30 Cyc. 661. It follows that the partners were necessary parties to the action for an alleged breach of contract, which was, so far

as the complaint showed, still a subsisting contract of the partnership in its relation to the defendants, whatever the agreement of the partners among themselves."

Thus, the essential holding of the court, in sustaining the demurrer, that there was a defect of parties, was that the plaintiff's former partners, in no way named as or made parties to the action, were necessary parties and must be made parties by the complaint. But that rule does not interfere with the completeness of the complaint here, because all parties connected with this controversy, including both partners on one side, are made parties to the action.

Nor is the case of *Stinchcomb v. Patteson,* 66 Okla. 80, 167 Pac. 619, cited by appellant, in point. The holding in that case was that one partner could not maintain an action in his own name for damages on account of a breach of a contract made by the firm. There is nothing of that kind in the present case; neither one of these partners, Henson or Hill, is maintaining or seeking to maintain this suit in his own name. Other authorities cited on behalf of the appellant under these assignments of error have been examined and, in our opinion, are not helpful in disposing of the question.

The second assignment is that a general demurrer to the fourth affirmative defense in the original answer was improperly sustained. That alleged defense was that the partnership had assigned its assets to a trustee for the purpose of paying certain of its creditors, naming them. It appears upon its face that it covered and was intended to cover only tangible property and open accounts, but not any cause of action arising in tort, such as the conversion of money, which is the basis of this suit. If there were any question about the matter to the contrary, the appellants

could have and should have brought the trustee in as a party to the action. This it did not attempt.

The third assignment questions the denial of appellant's motion for judgment notwithstanding the verdict, and the denial of its motion for a new trial. The first of the motions concerns the real merits of the controversy. No doubt, the money used by the bank was partnership money and that it was used to pay debts standing in the name of Henson as the sole debtor, but the appellant contended, first, that the debt, though in Henson's individual name, was, in fact, a partnership debt and that, before the partnership money was used to pay it, both partners consented to its being used for that purpose and afterwards ratified the payment. The appellant introduced substantial evidence tending to establish those contentions. On the other hand, Hill, on behalf of the partnership, disputed all of those contentions and allegations, and introduced substantial evidence to support his denials. Clearly, a question of fact was presented for determination by the jury, and we are not at liberty to set aside its judgment, which the verdict shows was in favor of the respondents.

The motion for a new trial was heard on affidavits and counter-affidavits, presenting a matter of fact and appealing to the judgment and discretion of the trial judge. There is no show of abuse of discretion in denying the motion.

Further in connection with this assignment, it is contended that the respondents are estopped from maintaining this action. The argument is that, if Hill had brought this action before his partner left the state and became insolvent, the appellant could have collected from Henson. Those allegations or that situation present no element of estoppel. Appellant should not have misapplied the partnership funds.

Besides, Hill brought this action within the time limited by law, and there was positive evidence that he knew nothing of Henson's leaving the state until some time after he verified the complaint in this case.

In the fifth assignment, complaint is made against permitting secondary evidence as to the contents of books and records of the partnership in control of the witness Hill. The assignment mistakes the record. The witness testified to the amount of the partnership's total bank deposits and disbursements to a given date, and of an overdraft in a stated amount on the same date. Counsel for appellant moved to strike the testimony because the witness had possession of the partnership's books and records, which was the best evidence of those things. The motion was denied. Had the witness testified that the facts and figures mentioned by him were true, according to the books of the partnership, the rule suggested would have been applicable, but such was not the case. The testimony of the witness was primary, being stated as of his own knowledge.

The remaining assignments relate to the manner of the examination of the witness Henson, whether by leading questions or not. Such matters are in the discretion of the trial court, which was in no sense abused in this case, as we find upon an examination and consideration of the record.

Affirmed.

TOLMAN, C. J., HOLCOMB, PARKER, and MAIN, JJ., concur.