Marc D. LEH, individually, and The Progress Company, a copartnership composed of Marc D. Leh and David Brown, copartners, Plaintiffs,

v.

GENERAL PETROLEUM CORPORATION, a corporation, Standard Oil Company of California, a corporation, The Texas Company, a corporation, Richfield Oil Corporation, a corporation, Union Oil Company of California, a corporation, Tidewater Oil Company, a corporation, Olympic Refining Company, a corporation, Defendants.

No. 20531.

United States District Court
S. D. California,
Central Division.

Sept. 15, 1958.

Richard G. Harris, Los Angeles, Cal., for plaintiffs.

P. E. Bermingham, Sims Hamilton and Howard Painter, Los Angeles, Cal., for defendant General Petroleum Corp.

Marshall P. Madison, Francis R. Kirkham, William E. Mussman and Pillsbury, Madison & Sutro, San Francisco, Cal., Lawler, Felix & Hall and John M. Hall, Los Angeles, Cal., for defendant Standard Oil Co. of California.

George W. Jansen, New York City, J. A. Tucker, James O. Sullivan, and Beardsley, Hufstedler & Kemble, Los Angeles, Cal., for defendant The Texas Co.

Wm. J. De Martini and William H. Powell, Los Angeles, Cal., for defendant Richfield Oil Co.

L. A. Gibbons, Douglas C. Gregg and A. Andrew Hauk, Los Angeles, Cal., Brobeck, Phleger & Harrison and Moses Lasky, San Francisco, Cal., for defendant Union Oil Co. of California.

W. F. Kiessig, Edmund D. Buckley, San Francisco, Cal., Overton, Lyman & Prince and Wayne H. Knight, Los Angeles, Cal., for defendant Tidewater Oil Co.

Joseph L. Alioto, San Francisco, Cal., for defendant Olympic Refining Co.

MATHES, District Judge.

This is a private antitrust action, brought pursuant to § 4 of the Clayton Act, 38 Stat. 731 (1914) [15 U.S.C.A. § 15], wherein plaintiffs seek treble damages for injuries allegedly sustained by reason of claimed violations of §§ 1 and 2 of the Sherman Antitrust Act, 26 Stat. 209 (1890), as amended [15 U.S.C.A. §§ 1 and 2]. Jurisdiction of this Court is invoked under § 4 of the Clayton Act and 28 U.S.C. § 1337.

Defendants have not as yet answered the complaint, but have interposed three motions now before the Court:

"(1) For a judgment dismissing the action as far as it purports to be brought by The Progress Company, a partnership;

"(2) In the alternative, for an order dismissing this action as against [sic] The Progress Company, a partnership, for failure to join an indispensable party, to wit, David Brown;

"(3) For an order and judgment of dismissal against plaintiff Marc D. Leh."

The ground of the alternative motion as to the partnership is that Brown, an equal partner with Leh, has not joined as a party plaintiff to this action but, to the contrary, has stated by deposition that he would favor dismissing it and, defendants say, one of two general partners cannot cause suit to be brought by the partnership without the consent of the other.

The ground of the motion as to plaintiff Leh individually is that the only claim asserted in the complaint is in favor of the partnership, and one partner cannot sue for his aliquot share of a partnership claim or even sue individually on behalf of the partnership. [Cf. Vinal v. West Virginia Oil & Oil Land Co., 1884, 110 U.S. 215, 4 S.Ct. 4, 28 L.Ed. 124]. Defendants further contend that insofar as the complaint may allege a claim on behalf of Leh individually, it is shown beyond issue by Leh's own deposition that he has suffered no damage separate from that of the partnership.

■ Inasmuch as numerous affidavits and other "matters outside the pleadings" have been presented to and considered by the Court, the motions, except that to dismiss for failure to join an indispensable party, will be treated as motions for summary judgment under Rule 56. Fed.R.Civ.P. 12(b), 28 U.S.C.

It is admitted that prior to the commencement of this action the partnership plaintiff, The Progress Company, was dissolved by written agreement of the partners Leh and Brown, and the affairs of this California partnership are now in the process of winding up. See West's Ann.Cal.Corp.Code, §§ 15029, 15030.

Rule 17(b) of the Federal Rules of Civil Procedure provides that "a partnership * * * which has no such capacity [to sue or be sued] by the law of such state [where the district court is held], may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right existing under the Constitution or laws of the United States * * *."

At oral argument the defendants conceded that the partnership has capacity to sue in this action in the partnership name. All parties agree then that the problem now pressed upon the Court is not one of procedure, but one of substantive law. Specifically, the question presented is whether one of two partners of a California partnership that has been dissolved may, as a part of winding up the affairs of the partnership, bring a

suit in the partnership name in a federal court on a federally-created claim for violation of a federal statute.

Or, to state the problem in the language of the Uniform Partnership Act (which has been adopted in California), is the prosecution of a suit for damages to a partnership caused by alleged violations of the Federal antitrust laws an "act appropriate for winding up partnership affairs" so that one partner has authority to bind the partnership by instituting such a suit. See West's Ann.Cal. Corp.Code, § 15035, identical with § 35 of the Uniform Partnership Act.

At first blush it would seem proper to refer to the law of California to determine whether this action may be maintained by the partnership. Defendants have done just that and contend that under California partnership law, as codified in the Uniform Partnership Act [West's Ann.Cal.Corp.Code, § 15001 et seq.], one partner may not maintain a suit for the benefit of the partnership without the consent and approval of all the partners, and that this is so after dissolution as well as before.

Unlike some other states such as New York [see N.Y.Civil Practice Act, § 222–a], California apparently still follows the common law rule that a partnership cannot sue in its common or firm name, that to enforce a partnership claim all those associated as partners must join individually as plaintiffs. Lewis v. Hayes, 1918, 177 Cal. 587, 171 P. 293; Ginsberg Tile Co. v. Faraone, 1929, 99 Cal.App. 381, 278 P. 866; Holden v. Mensinger, 1917, 175 Cal. 300, 303, 165 P. 950, 951 (dictum); Heinfelt v. Arth, 1933, 135 Cal.App. 445, 447, 27 P.2d 420, 421 (dictum); see Case v. Kadota Fig Ass'n of Producers, 1950, 35 Cal.2d 596, 602, 220 P.2d 912, 916; Kadota Fig Ass'n of Producers v. Case-Swayne Co., 1946, 73 Cal.App.2d 796, 167 P.2d 518; cf. West's Ann.Cal.Code Civil Proc. § 388, allowing a partnership to be sued in the common name. But see De Franco v. United States, D.C.S.D.Cal.1955 18 F.R. D. 156, 159.

■ So it is that under California practice a suit brought in the common name of the partnership or brought by fewer than all the partners is demurrable on either of the equally appropriate grounds of lack of plaintiff's legal capacity to sue or of defect or non-joinder of parties plaintiff. Ginsberg Tile Co. v. Faraone, supra, 99 Cal.App. at pages 384–386, 278 P. at pages 867–868. But such an objection must be interposed by demurrer at the very outset of the action or it is considered waived. Ibid; see also Engineering Service Corp. v. Longridge Investment Co., 1957, 153 Cal.App. 2d 404, 421, 314 P.2d 563, 573–574.

■■ It thus appears that the substantive problem at bar cannot be answered by reference to California law because California practice and procedure effectively prevent this problem from ever arising, for under California rules of party joinder (or capacity to sue), a suit on a partnership claim can never be prosecuted either in the common name of the partnership or by fewer than all the partners.

So necessity and policy combine to dictate that the question whether this federal court action on a federally-created partnership claim can be maintained be decided on the basis of "federal law * * [fashioned] from the policy of our national [antitrust] laws." Textile Workers Union v. Lincoln Mills, 1957, 353 U.S. 448, 456, 77 S.Ct. 912, 918, 1 L.Ed.2d 972. This follows not only because the law of the State in which the partnership was created and transacted business can be of no aid, but also because the problem here concerns the enforcement in a federal court of a right created by the Congress; and federal law, not state law, must control in determining the rules governing enforcement in federal courts of rights and remedies created by federal statutes. Holmberg v. Armbrecht, 1946, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743; Sola Elec. Co. v. Jefferson Elec. Co., 1942, 317 U.S. 173, 63 S.Ct. 172, 87 L.Ed. 165; Local 19, Warehouse Union v. Buckeye Cotton Oil Co., 6 Cir., 1956, 236 F.2d

776, 780–781, certiorari denied, 1957, 354 U.S. 910, 77 S.Ct. 1293, 1 L.Ed.2d 1428; see Textile Workers Union v. Lincoln Mills, supra, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972.

■ "It is familiar doctrine that the prohibition of a federal statute may not be set at naught, or its benefits denied, by state statutes or state common law rules. * * * When a federal statute condemns an act as unlawful the extent and nature of the legal consequences of the condemnation, though left by the statute to judicial determination, are nevertheless federal questions, the answers to which are to be derived from the statute and the federal policy which it has adopted. To the federal statute and policy, conflicting state law and policy must yield." Sola Elec. Co. v. Jefferson Elec. Co., supra, 317 U.S. at page 176, 63 S.Ct. at page 173, 87 L.Ed. 165.

■ Jurisdictions where procedurally a partnership cause of action can be enforced by suit in the partnership name provide a dearth of authority to guide decision of the specific problem here. But see Rosen v. Texas Co., D.C.S.D.N.Y. 1958, 161 F.Supp. 55, 59; Henson v. First Security & Loan Co., 1931, 164 Wash. 198, 2 P.2d 85, 86. However it can be postulated with some certainty that it is not the policy of our national antitrust laws to discourage private treble damage actions such as this. To the contrary, "Congress itself has placed the private antitrust litigant in a most favorable position through the enactment of § 5 of the Clayton Act. * * * In the face of such a policy this Court should not add requirements to burden the private litigant beyond what is specifically set forth by Congress in those laws." Radovich v. National Football League, 1957, 352 U.S. 445, 454, 77 S.Ct. 390, 395, 1 L.Ed.2d 456; see United States v. National City Lines, Inc., 1948, 334 U.S. 573, 68 S.Ct. 1169, 92 L.Ed. 1584; Flintkote Co. v. Lysfjord, 9 Cir., 246 F.2d 368, 398, certiorari denied, 1957, 355 U.S. 835, 78 S.Ct. 54, 2 L.Ed.2d 46.

Furthermore, it is difficult to perceive how defendants can suffer any prejudice by allowing this action to proceed on the partnership claim asserted in the partnership name, even though one of the partners has not authorized the suit. The partnership will be bound by the act of the single partner in bringing suit and any recovery will discharge the partnership's claim against defendants. On the other hand, if defendants prevail with a judgment for costs, that judgment will bind the partnership assets and at the very least the assets of the individual partner who has caused the action to be brought.

■ These considerations and the "public interest in vigilant enforcement of the antitrust laws through the instrumentality of the private treble-damage action" [Lawlor v. National Screen Service Corp., 1955, 349 U.S. 322, 329 75 S. Ct. 865, 869, 99 L.Ed. 1122; Karseal Corp. v. Richfield Oil Corp., 9 Cir., 1955, 221 F.2d 358, 365; United States v. Standard Ultramarine and Color Co., D. C.S.D.N.Y.1955, 137 F.Supp. 167, 171], compel the holding that prosecution of an action for treble damages for claimed injuries to the business of a partnership allegedly caused by violations of the Federal antitrust laws is an "act appropriate for winding up partnership affairs" [West's Ann.Cal.Corp.Code, § 15035], so that one partner of a dissolved partnership in the process of winding up may prosecute such an action in the partnership name [Fed.R.Civ.P. 17(b)] in the Federal court. [Cf. Fielding v. Allen, 2d Cir., 181 F.2d 163, certiorari denied, 1950, Ogden Corp. v. Fielding, 340 U.S. 817, 71 S.Ct. 46, 95 L.Ed. 600].

Defendants urge that the holding just stated is tantamount to court interference in "domestic difficulties" between partners. Whatever merit such an argument might have in a case involving a going partnership, it is without force where as here the partnership has been dissolved and is in the process of winding up all partnership affairs.

Coast v. Hunt Oil Co., 5 Cir., 195 F.2d 870, certiorari denied, 1952, 344 U.S. 836, 73 S.Ct. 46, 97 L.Ed. 651, heavily relied on by defendants, is not in conflict with

this holding. The Court of Appeals there emphasized that the partnership was still a going concern, and in the District Court opinion Chief Judge Dawkins intimated that the result might well have been different if the partnership had been dissolved. Id., D.C.W.D.La.1951, 96 F.Supp. 53, 60. Also of interest is the fact that in the Coast case the court was dealing with a Louisiana partnership which appears to be different from a common-law partnership both in legal nature and in the management rights of the partners.

The desirability of permitting one of two partners of a dissolved partnership in course of winding up to maintain in the partnership name an action on behalf of the partnership for damages arising under the Federal antitrust laws is further argued by the circumstance at bar that Brown, the partner who refused to join in authorizing the suit, may not have felt the economic freedom so to do. One of the depositions offered by defendants in support of the motions quotes Brown as saying "that he had always made a living in the oil business and he felt that if this action persisted he would be dragged down in the mire to the point where he would never be able to get back in the oil business."

Ironical indeed would be a ruling abating a private treble-damage suit under the Federal antitrust laws because of the very fear of economic reprisal that such laws were intended in part at least to eliminate.

■ Turning next to the motion to dismiss for failure to join Brown, it must be held that he is not an indispensable party to this action. Rule 17(b) allowing a partnership to sue in the common name in actions such as this would be meaningless if it were held essential that all the individual partners be joined as indispensable parties to the partnership ac-

tion. See also Engineering Service Corp. v. Longridge Investment Co., supra, 153 Cal.App.2d 404 at page 421, 314 P.2d 563 at 573–574.

■ Finally, as to the motion for summary judgment against plaintiff Marc D. Leh individually, the complaint sufficiently apprises defendants of a claim against them by Leh individually for treble damages for violation of the Federal antitrust laws, and tenders genuine issues of material facts. See New Home Appliance Center, Inc. v. Thompson, 10 Cir., 1957, 250 F.2d 881; Nagler v. Admiral Corp., 2 Cir., 1957, 248 F.2d 319; Fed.R.Civ.P. 54(c). But see Hess v. Anderson, Clayton & Co., D.C.S.D.Cal.1957, 20 F.R.D. 466, 477–478; Gasswint v. Clapper, D.C.W.D.Mo.1955, 17 F.R.D. 309, 311–312.

■ Under these circumstances there is no burden on plaintiff Leh to submit his evidence here on affidavits or to establish his case in his pretrial deposition taken by defendants. Hoffman v. Babbitt Bros. Trading Co., 9 Cir., 1953, 203 F.2d 636; William Goldman Theatres, Inc. v. Twentieth-Century Fox Film Corp., D.C.E.D.Pa.1957, 151 F. Supp. 840, 843; Southern Rendering Co. v. Standard Rendering Co., D.C.E.D.Ark. 1953, 112 F.Supp. 103, 109; Greenleaf v. Brunswick-Balke-Collender Co., D.C.E.D. Pa.1947, 79 F.Supp. 362, 365.

Accordingly, the motion for summary judgment against the individual claim of plaintiff Leh must be denied. See Lawlor v. National Screen Service Corp., 3 Cir., 1956, 238 F.2d 59 affirmed as to denial of summary judgment but vacated on other grounds, 1957, 352 U.S. 992, 77 S.Ct. 526, 1 L.Ed.2d 540; Griffeth v. Utah Power & Light Co., 9 Cir., 1955, 226 F.2d 661, 668–670.

For the reasons stated, all three motions of defendants will be denied.