**HAVEN FUND, a Delaware Limited Partnership, Plaintiff,**

v.

**THOMPSON DOOR CO., INC., a Delaware Corporation, Defendant.**

Superior Court of Delaware, New Castle.

May 14, 1975.

Hugh Corroon and Daniel F. Wolcott, Jr. of Potter, Anderson & Corroon, Wilmington, for plaintiff.

Joseph A. Rosenthal of Cohen, Morris & Rosenthal, Wilmington, and Finley, Kumble, Heine, Underberg & Grutman, of New York City, of counsel, for defendant.

STIFTEL, President Judge.

10 Del.C. § 3904 was amended July 1, 1973, to allow partnerships to sue and be sued under the partnership name. Prior to

the amendment, on February 23, 1973, Haven Fund filed an action in the Court of Chancery seeking specific performance or damages of $100,000 for breach of an agreement of defendant to repurchase from Haven Fund 12,500 shares of its own common stock, which plaintiff had purchased from defendant a short time before. The Court of Chancery dismissed the action because it was filed "primarily for the recovery of money" and that there was "no other basis . . . on the . . . record for retaining jurisdiction, . . . .". Pursuant to 10 Del.C. § 1901, the action was transferred to this Court, where it remains.

On May 17, 1974, this action—a new one—was filed in this Court. This new action, on its facts, is identical with the old one. The only difference is that this action was filed after 10 Del.C. § 3904 was amended on July 1, 1973, and the old action was filed prior thereto.

■ Defendant asks for the dismissal of the new action because, it claims, plaintiff does not have sufficient legal existence or capacity to maintain the action, and that the institution of the action was not properly authorized under applicable law. Defendant argues that plaintiff has no business having two actions pending in this Court at the same time. It argues that the last one filed should be dismissed. It suggests that we follow New York practice in this respect. New York Civil Practice Law and Rules, § 3211(a)(4). No law has been pointed out to me in Delaware which bars a second claim merely because one had already been filed earlier. Naturally, there cannot be a recovery in each action. Plaintiff is limited to one recovery. Plaintiff does not seek two recoveries here—only one. To repeat, the second action was filed within the statute of limitations to avoid the requirements of the law that

existed prior to the amendment to 10 Del. C. § 3904.

The savings clause in Ch. 104, Vol. 59 Laws of Del. (10 Del.C. § 3904),* is not applicable. The savings clause is only applicable to actions filed prior to the amendment of the statute on July 1, 1963. Consequently, the savings clause would be applicable to the transferred Chancery action pending in this Court but it would not be applicable to this action, filed after the amendment date.

My decision herein makes it unnecessary for me to decide at this time whether Basen Corporation, one of the three general partners of the Haven Fund, a limited partnership, can maintain an action under the old law without the two other general partners joining as plaintiffs, the two other alleged general partners of the limited partnership having been, at the time of the stock repurchase agreement, officers of the defendant corporation.

Defendant's motion to dismiss denied. So ordered.

---

* The savings clause (which the codifiers of the Delaware Code purposely omitted) reads:
   "The rights, privileges and immunities vested or accrued by and under any laws enacted prior to the adoption or amendment of this act, all suits pending, all rights of action conferred, and all duties, restrictions, liabilities and penalties imposed or required by and under laws enacted prior to adoption or amendment of this act, shall not be impaired, diminished or affected by this act."