**THOMPSON DOOR CO., INC., a Delaware Corporation, Defendant below, Appellant,**

v.

**HAVEN FUND, a Delaware Limited Partnership, Plaintiff below, Appellee.**

Supreme Court of Delaware.

Submitted Nov. 18, 1975.

Decided Feb. 5, 1976.

Joseph A. Rosenthal, of Morris & Rosenthal, Wilmington, and Finley, Kumble, Heine, Underberg & Grutman, New York City, of counsel, for defendant below, appellant.

Hugh L. Corroon and Daniel F. Wolcott, Jr., of Potter Anderson & Corroon, Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

PER CURIAM:

In this action to recover money damages for an alleged breach of an agreement to repurchase certain securities, the Superior Court denied defendant's motion to dismiss the complaint. 338 A.2d 574. Reference is made to that opinion for a complete statement of facts. On appeal defendant argues that the Court erred because plaintiff did not have legal capacity to maintain the suit, that it was not properly authorized, and that a prior pending action between the parties on the same facts requires dismissal.

Plaintiff is a Delaware limited partnership with three general partners, only one of whom authorized this action. The other two partners are officers of defendant corporation.

For the reasons stated in the Superior Court opinion, we agree with its con-

clusion that under 10 *Del.C.* § 3904[1] this action may be brought in the name of the partnership (which has the requisite "capacity" to sue) and that it is not barred by the prior pending action. This leaves for consideration the critical question of whether one partner may cause the partnership to sue; that question was not decided by the Superior Court but it has been briefed and argued here.

While it is settled law that majority rule governs the management of ordinary partnership affairs, 6 *Del.C.* § 1518(8),[2] *Rowley on Partnership* § 18(h) (2 ed.), that rule does not apply to the commencement of litigation under facts present here. Each partner has the power to use ordinary legal process to enforce obligations owed the partnership and therefore may engage counsel to sue on behalf of the firm. *Rowley* supra § 9.1(B)(13) at 284-85, and that rule is particularly significant, and necessary, when a majority of the general partners has a divided interest. If the law were otherwise, valuable rights might be lost by failure to sue (for example) within a statutory period or to plead certain defenses.

As we have noted, two of the three general partners of plaintiff are officers of defendant corporation. Given that divided loyalty, we conclude that the third partner had authority to bring this suit.

Affirmed.

1. 10 *Del.C.* § 3904 provides:
   "An unincorporated association of persons, including a partnership, using a common name may sue and be sued in such common name and a judgment recovered therein shall be a lien like other judgments, and may be executed upon by levy, seizure and sale of the personal and real estate of such association, and also that of the persons composing such association in the same manner with respect to them as if they had been made parties defendant by their individual names. Satisfaction thereof may also be obtained by attachment process."

2. 6 *Del.C.* § 1518(8) provides:
   "Any difference arising as to ordinary matters connected with the partership business may be decided by a majority of the partners; but no act in contravention of any agreement between the partners may be done rightfully without the consent of all the partners."